Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION: NO. 3:21-00674-MOC-DSC

FILED
CHARLOTTE, NC

JAN - 7 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

BRIAN D. GREEN

Plaintiff,

vs.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, L.L.P.,
JERRY T. MYERS,
MELISSA A. TULIS,

Defendants.

**TRIAL BY JURY DEMANDED**

## PLAINTIFF'S AMENDED ORIGINAL COMPLAINT

Plaintiff, BRIAN D. GREEN ("Green") to add an additional party Defendant Melissa A. Tulis ("Tulis") to its Complaint.

Plaintiff, BRIAN D. GREEN ("Green") alleges the following against Defendant SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, L.L.P., ("Smith Debnam") Defendant JERRY T. MYERS "("Myers"), Defendant MELISSA A. TULIS ("Tulis") (combined "Defendants") and alleges as follow:

### INTRODUCTION

Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. §1692, *et seq.* and North Carolina Debt Collection Agency Act §75 *et seq.* ("NCDCA").

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 1367.

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount of the controversy."

3. This Court has supplemental jurisdiction over the same claim alleged pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action with such original jurisdiction that form part of the same case or controversy."

4. Venue and personal jurisdiction in this district are proper because Defendants does or transact business within this district, and material portion of the events at issue occurred in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Mr. Green is a natural person residing in Indian Trail, Union County, State of North Carolina.

6. Mr. Green is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Mr. Green allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendants are a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendants uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another defined by 15 U.S.C. § 1692a(6).

10. Defendants' is a debt collection agency as that term is defined by §§ 58-70-15 and 58-70-90(1) of the NCDCA.

11. Mr. Green is a consumer as that term is defined by § 58-70-90(2) of the NCDCA.

12. Mr. Green allegedly owes a debt as that term is defined by § 58-70-90(3) of the NCDCA.

13. Smith Debnam is a North Carolina limited liability partnership company with its headquarters located at 4601 Six Forks Road, Suite 400, in the city of Raleigh, Wake County, State of North Carolina.

14. Upon information and belief, Mr. Myers is a natural person, a licensed North Carolina attorney, and was an employee of Smith Debnam at the time of the unlawful collection.

15. Upon information and belief, Ms. Tulis is a natural person, a licensed North Carolina attorney, and was an employee of Smith Debnam at the time of the unlawful collection.

16. Defendants' business includes, but not limited to, collecting on unpaid, outstanding account balances.

17. During the course of its attempt to collect a debt allegedly owed to it, Defendants sent Mr. Green papers that appears to be statements, and/or other correspondence, via the mail.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

18. Defendants are attempting to collect a consumer debt from Plaintiff allegedly owed.

19. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

20. The alleged debt Defendants is attempting to collect allegedly arises from a Discover Bank account (************1212) in the amount of $3,770.36.

21. In or around February 2021, Defendants began its attempt to collect the alleged debt from Mr. Green.

22. On or about February 19, 2021, Defendants sent a collection letter to Plaintiff in an attempt to collect an alleged debt.

23. On or about February 24, 2021, Mr. Green mailed a debt validation letter to Defendants which was received certified mail 7019 2970 0000 9101 5205.

24. On or about March 11, 2021, Defendants sent another collection letter to Mr. Green in an attempt to collect the alleged debt.

25. On or about March 25, 2021, Mr. Green mailed a 2nd request to Defendants disputing the alleged debt and requested Account Level Documentation to validate the alleged debt which was received by Defendants certified mail 7018 1830 0001 6583 7822.

26. On or about July 2, 2021, Defendants filed a civil lawsuit against Mr. Green without validation of the alleged debt with Account Level Documentation by law.

27. Defendants acts as described above were done intentionally with the purpose of coercing Mr. Green to pay the alleged debt that has not been established to be owed by Mr. Green.

28. The natural consequences of Defendants statements and actions was to unjustly condemn and vilify Mr. Green for his non-payment of the alleged debt that has not been established to be owed by Mr. Green.

29. The natural consequences of Defendants statements and actions was to produce an unpleasant and/or hostile situation between Defendants and Mr. Green.

30. The natural consequences of Defendants statements and actions was to cause Mr. Green mental distress.

31. Defendants' actions as outlined above have caused Mr. Green to be injured in a personal and individual way by causing Mr. Green not limited to unnecessary stress, low self-esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish.

## COUNT I
## VIOLATION OF FDCPA 15 U.S.C. § 1692g

32. Mr. Green incorporates by reference all the above paragraphs of this Original Amended Complaint as though fully stated herein.

33. Defendants did not validate the alleged debt with account level documentation that was requested by Mr. Green during the "validation period" of § 1692g of the FDCPA, which requires a debt collector to validate a debt when a consumer disputes the debt in writing within a certain period of time. 15 U.S.C. § 1692g(b).

## COUNT II
## VIOLATION OF FDCPA 15 U.S.C. § 1692e

34. Mr. Green re-alleges and incorporates Paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. Defendants misrepresented the character and amount of the alleged debt that has not been established to be owed by Mr. Green in accordance to 15 U.S.C. § 1692e(2)(A).

## COUNT III
### Violation of Chapter 58, Article 70, North Carolina General Statutes

36. Mr. Green re-alleges and incorporates Paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Defendants' is a "collection agency," as that term is defined by N.C.G.S. § 58-70-90.

38. Mr. Green is a "consumer," as that term is defined by N.C.G.S. § 58-70-90.

39. The alleged debt is a "debt," as that term is defined by N.C.G.S. § 58-70-90.

40. Defendants "falsely represented the character, extent, or amount of a debt against a consumer" as defined by N.C.G.S. § 58-70-110(4).

41. Defendants' actions constituted an unfair or deceptive acts or practices by engaging in the above misconduct in or affecting commerce because Defendants is collecting on a

consumer debt that has not been established to be owed by Mr. Green and proximately caused Mr. Green injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BRIAN D. GREEN respectfully requests judgment be entered against Defendants SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, L.L.P., JERRY T. MYERS and MELISSA A. TULIS for the following:

42. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

43. Statutory damages for each Defendant of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

44. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

45. Statutory damages and civil penalties of not less than $500.00 or greater than $4,000.00 per violation, per Defendant pursuant to N.C. Gen. Stat. § 58-70-130;

46. Any other relief that this Honorable Court deem just and proper.

Dated: January 7, 2022.

Respectfully submitted,

_____
Brian D. Green
113 Indian Trail Road N, Suite 280
Indian Trail, NC 28079
201.873.2037
briangreen350@gmail.com