IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:21-cv-00674-MOC-DSC

BRIAN D. GREEN,

    Plaintiff,

v.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP,
JERRY T. MYERS, and
MELISSA A. TULIS,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED ORIGINAL COMPLAINT

**NOW COME** the defendants Smith Debnam Narron Drake Saintsing & Myers, LLP, Jerry T. Myers, and Melissa A. Tulis, by and through counsel, and file their Answer to Plaintiff's Amended Original Complaint (the "Complaint") as follows:

### FIRST DEFENSE
### ANSWER

Defendants respond to the specific allegations of the Complaint as follows:

### INTRODUCTION

The allegations contained in the Introduction of the Complaint do not constitute factual allegations to which a response is required. To the extent a response is required, Defendants admit the plaintiff Brian D. Green ("Plaintiff") alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act, N.C. Gen. Stat § 58-70-

1

1 *et seq.* ("NCCAA") Defendants deny that they violated the FDCPA, NCCAA, or any other federal or state act and further deny that they are liable to Plaintiff under any alternative theory of liability. Except as expressly admitted, all remaining allegations contained in the Introduction of the Complaint are generally and specifically denied.

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the same are denied.

## PARTIES

5. The allegations contained in paragraph 5 of the Complaint are admitted upon information and belief.

6. The allegations contained in paragraph 6 of the Complaint constitute

legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to admit or deny the same and the same are denied on that basis.

7. The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to admit or deny the same and the same are denied on that basis.

8. It is admitted that, at times, Defendants act as debt collectors as that term is defined in 15 U.S.C. § 1692(a)(6). Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint and the same are denied on that basis.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

10. The allegations contained in paragraph 10 of the Complaint are generally and specifically denied.

11. The allegations contained in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the same are admitted.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the same are admitted.

3

13. It is admitted that Smith Debnam is a law firm and limited liability partnership. It is further admitted that Smith Debnam maintains a principal place of business at 4601 Six Forks Road, Suite 400, Raleigh North Carolina which is in Wake County, North Carolina. Except as admitted, the allegations contained in paragraph 13 of the Complaint are generally and specifically denied.

14. It is admitted that Myers is a natural person and a licensed North Carolina attorney who practices law at Smith Debnam. Except as admitted, the allegations contained in paragraph 14 of the Complaint are generally and specifically denied.

15. It is admitted that Tulis is a natural person and a licensed North Carolina attorney employed by Smith Debnam. Except as admitted, the allegations contained in paragraph 15 of the Complaint are generally and speifically denied.

16. Defendants admit that, at times, they engage in debt collection on behalf of their clients. Except as admitted, the allegations contained in paragraph 16 of the Complaint are generally and specifically denied.

17. The correspondence between the parties speak for themselves and are the best evidence of their contents. Copies of the correspondence referenced in the Complaint (¶¶ 22 – 25) are attached hereto as Exhibits A – D and incorporated herein by reference. To the extent the allegations contained in paragraph 17 mischaracterize that correspondence or are inconsistent therewith, the same are denied. Except as admitted, the allegations contained in paragraph 17 of the Complaint are generally and specifically denied.

4

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

18. Defendants admit that they were engaged to collect an account from Plaintiff on behalf of one of the firm's clients. Defendants are without sufficient information or knowledge to admit or deny whether the debt was a consumer debt and all allegations related to the same are denied. To the extent that the allegations contained within paragraph 18 of the Complaint are legal conclusions, no response is required. To the extent a response is required, the same is denied. Except as expressly admitted, the allegations contained in paragraph 18 of the Complaint are denied.

19. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint and the same are denied on that basis.

20. The allegations contained in paragraph 20 of the Complaint are admitted.

21. The allegations contained in paragraph 21 of the Complaint are admitted.

22. It is admitted that Defendants sent Plaintiff a letter dated February 19, 2021, a true and accurate copy of which is attached hereto as Exhibit A and incorporated herein by reference. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 22 of the Complaint mischaracterize the letter or are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 22 of

the Complaint are denied.

23. It is admitted that Defendants received a letter dated February 24, 2021, a true and accurate copy of which is attached hereto as Exhibit B and incorporated herein by reference. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 23 of the Complaint mischaracterize the letter or are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 23 of the Complaint are denied.

24. It is admitted that Defendants sent Plaintiff a letter dated March 11, 2021, a true and accurate copy of which is attached hereto as Exhibit C and incorporated herein by reference. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 24 of the Complaint mischaracterize the letter or are inconsistent therewith, the same are denied. Except as admitted, the remaining allegations contained in paragraph 24 of the Complaint are denied.

25. It is admitted that Defendants received a letter from Plaintiff dated March 25, 2021, a true and accurate copy of which is attached hereto as Exhibit D and incorporated herein by reference. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 25 of the Complaint mischaracterize the letter or are inconsistent therewith, the same are denied. Except as admitted, the remaining allegations contained in paragraph 25 of the Complaint are denied.

26. It is admitted that Defendants filed a lawsuit against Plaintiff on behalf of its client, Discover Bank, in Union County District Court, File No. 21 CVD 1668 (hereinafter, the "State Court Action"), a true and correct copy of the complaint filed is attached hereto as Exhibit E and incorporated herein by reference. The State Court Action speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 26 of the Complaint mischaracterize the lawsuit or are inconsistent therewith, the same are denied. Except as expressly admitted, the allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint and denied.

## COUNT I
## VIOLATION OF FDCPA 15 U.S.C. § 1692g

32. The admissions, denial and averments set forth above are realleged and incorporated herein by reference as if fully set forth herein.

33. 15 U.S.C. § 1692g speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 33 of the Complaint are inconsistent therewith, the same are denied. Defendants deny that they violated 15 U.S.C. § 1692g. All remaining allegations contained in paragraph 33 of the Complaint are denied.

## COUNT II
## VIOLATION OF FDCPA 15 U.S.C. § 1692e

34. The admissions, denial and averments set forth above are realleged and incorporated herein by reference as if fully set forth herein.

35. The allegations contained in paragraph 35 of the Complaint are denied.

## COUNT III
## VIOLATION OF CHAPTER 58, ARTICLE 70, NORTH CAROLINA GENERAL STATUTES

36. The admissions, denial and averments set forth above are realleged and incorporated herein by reference as if fully set forth herein.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the same are admitted.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the same are admitted.

40. The allegations contained in paragraph 40 of the Complaint are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. Except as expressly admitted, the allegations contained in the Complaint are denied in their entirety.

## SECOND DEFENSE

Any violation of law or damages suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to any liability of Defendants.

### THIRD DEFENSE

Any violation of law or damages suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to any claim for damages against Defendants.

### FOURTH DEFENSE

To the extent Plaintiff suffered any damages, which is denied, he failed to mitigate such damages and his failure to mitigate is pled in bar of his claims.

### FIFTH DEFENSE

Any violation of law, which is specifically denied, was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH DEFENSE

At all times pertinent hereto, Defendants acted in good faith and reasonably relied upon the information provided to them by the creditor.

### SEVENTH DEFENSE

Defendants are attorneys-at-law handling claims and collections in their own name and not operating a collection agency under the management of a layman. As such, Defendants are not a "collection agency" and are not subject to the provisions of the North Carolina Collection Agency Act, N.C.G.S. §58-70-90 et seq. (the "NCCAA"). Accordingly, all claims brought under the NCCAA should be dismissed.

## EIGHTH DEFENSE

Plaintiff has failed to meet the minimum pleading standards and said failure is pled as an absolute bar to his recovery.

## NINTH DEFENSE

Defendants reserve the right to assert any and all additional defenses which become known to it during the pendency of this suit.

**WHEREFORE,** Defendants respectfully pray:

1. That Plaintiff have and recover nothing from Defendants;
2. That the Complaint be dismissed with prejudice;
3. That the costs of this action be taxed to Plaintiff; and
4. For such other and further relief as this Court deems just and proper.

This the 18th day of February, 2022.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, I placed a copy of the foregoing document in the United States mail, first class postage prepaid, addressed as follows:

Brian D. Green
113 Indian Trail Road N.
Suite 280
Indian Trail, NC 28079

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
cenloe@smithdebnamlaw.com
*Counsel for Defendants*