IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:21-cv-00674-MOC-DSC

BRIAN D. GREEN,

    Plaintiff,

v.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP,
JERRY T. MYERS, and
MELISSA A. TULIS,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

**NOW COME** the defendants Smith Debnam Narron Drake Saintsing & Myers, LLP ("Smith Debnam"), Jerry T. Myers ("Myers"), and Melissa A. Tulis ("Tulis") (collectively, the "Defendants"), by and through counsel, and pursuant to LCvR 7.1 submit their Memorandum in Support of their Motion for Judgment on the Pleadings.

### I. MATTER BEFORE THE COURT FOR RULING

This matter arises from the Defendants' attempts to collect a credit card account from the plaintiff and specifically, the correspondence between the parties prior to Defendants initiating suit on behalf of their client to collect the account. Defendants submit that they are entitled to judgment on the pleadings. As demonstrated below, the Complaint lacks allegations sufficient to support claims as to the Defendants. Specifically, the plaintiff's claim pursuant to 15 U.S.C. § 1692g is

1

not supported by the allegations of the Complaint or the correspondence it references. Plaintiff's claim under 15 U.S.C. § 1692e likewise fails as the only allegations made in support are a threadbare recital of the elements of the claim. Finally, Defendants are not a collection agency and, therefore, are not subject to the provisions of N.C. Gen. Stat. §58-70-90 et seq. (the "NCCAA"). Accordingly, each of the plaintiff's claims must be dismissed with prejudice.

## II. STATEMENT OF FACTS

On February 19, 2021, Smith Debnam sent the plaintiff a demand letter regarding his past due account with Discover Bank. The letter identified the creditor, provided the outstanding balance and notified the plaintiff that

> Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you notify us in writing of any dispute with regard to this debt within the thirty-day period that the debt, or any portion thereof, is disputed, we will contain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Doc. No. 5, ¶ 22; Doc. No. 11, Ex. A.[1] On February 24, 2021, the plaintiff sent Smith Debnam a letter disputing the debt and requesting validation of the debt, including "all charges, payments, and credits on the account." Doc. No. 5, ¶ 23; Doc. No. 11, Ex. B. On March 11, 2021, Myers sent the plaintiff a letter which stated as follows:

---

[1] Defendants have attached to their Answer copies of the documents referenced in the Complaint as they are central to the plaintiff's claims. In determining a motion for judgment on the pleadings, documents attached to the Answer may be considered so long as the documents are central to the plaintiff's claim and undisputed. *Mendenhall v. Hanesbrands, Inc.,* 856 F. Supp. Ed 717, 724 (M.D.N.C. 2012).

2

> This letter acknowledges your recent request for verification of the account in the above referenced matter. This firm has been retained by Discover Bank to collect the balance due on account number ************1212. The current balance owed is $3,770.36. The name and address for the original creditor is listed below:
>
> Discover Bank
> PO Box 3025 – 6500 New Albany Road
> c/o Discover Products, Inc.
> New Albany, OH 43054

Doc. No. 5, ¶ 24; Doc. No. 11, Ex. C. On March 25, 2021, the plaintiff sent Smith Debnam a letter requesting all "Original Account Level Documentation," the "Original Account Agreements," "validation of the debt meaning the contractual obligation," a "wet ink signature of the contractual obligation," and validation of the debt, to wit, the chain of title to the debt." Doc. No. 5, ¶ 25; Doc. No. 11, Ex. D. On June 7, 2021, Myers and Smith Debnam filed a civil lawsuit on behalf of Discover Bank against the plaintiff seeking to recover $3,770.36. Doc. No. 11, Ex. E. The plaintiff contends that these events violated the FDCPA and the NCCAA and "unjustly condemn and vilify" the plaintiff for his non-payment of the alleged debt.

### III. ARGUMENT

#### A. Legal Standard

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). In this case, Defendants' motion has been filed after its answer to the plaintiff's complaint, but early enough not to delay any future trial; this case is still in its initial stages, and discovery has not yet begun.

3

"A motion under Rule 12(c) is reviewed under the same standards as a motion under Rule 12(b)(6)." *United States ex rel. Northstar Founds., Inc. v. Satterfield & Pontikes Constr., Inc.*, 2013 U.S. Dist. LEXIS 201242, at *9 (N.D.W.Va. June 19, 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999); *accord Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002) (holding that "[w]hen faced with a motion for judgment on the pleadings, courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." (citation omitted)). Under the standard applicable to Rule 12(b)(6) and Rule 12(c) motions, a court must assume that the allegations in the non-moving party's pleadings are true. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, that requirement applies only to facts, not to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Rule 12(c) motion, the facts alleged in the complaint must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

4

A complaint "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 674-680 (internal quotation marks omitted). Judgment should be entered for the moving party "when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

### B. The Complaint Fails to State a Claim upon Which Relief Can be Granted under 15 U.S.C. § 1692g(b) as to all Defendants and Should be Dismissed.

Judgment on the pleadings in Defendants' favor is appropriate because when viewing the complaint in the light most favorable to the plaintiff, it fails to state a claim for relief under 15 U.S.C. § 1692g(b). The plaintiff alleges that Defendants violated the federal Fair Debt Collection Practices Act (the "FDCPA") by not validating the alleged debt "with account level documentation." The plaintiff's allegations, however, misconstrue the obligations of the debt collector and because Smith Debnam fulfilled its obligations under section 1692g(b), the plaintiff's claim should be dismissed.

"The purpose of the FDCPA is to protect consumers from unfair debt collection practices." *Smith v. EVB*, 438 Fed. Appx. 176, 178 (4th Cir. 2011) (citation omitted).

5

One of the protections afforded to consumers by the FDCPA is the ability to dispute debts. As relevant here, and pursuant to 15 U.S.C. § 1692g(b),

> [i]f the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b) (emphasis added).

Despite the plaintiff's protestations to the contrary, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed...." *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999); see also *Garvey v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 97373 (W.D.N.C. June 23, 2017); . As noted by the Court in *Chaudhry*,

> "verification is only intended to 'eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."

*Id.*

Here, the plaintiff disputed the debt and requested validation shortly after receiving Smith Debnam's initial correspondence. (Doc. No. 5, 23; Doc. No. 11, Ex. B). Defendants then provided not only the information required by 15 U.S.C.

6

Case 3:21-cv-00674-MOC-DSC   Document 13   Filed 02/18/22   Page 6 of 10

§1692g(b), but also twelve months of periodic statements and the cardmember agreement. Doc. No. 11, Ex. C.[2]

Verification only requires a showing that the amount demanded "is what the creditor *is claiming* is owed," not conclusive proof of the debt. *Wilson v. LNV Corp.*, 2015 U.S. Dist. LEXIS 22200 (E.D.N.C. Feb. 23, 2015); *see also Roseborough v. Firstsource Advantage, LLC,* 2015 U.S. Dist. LEXIS 9617 (M.D.N.C. Jan. 28, 2015). Defendants' March 11th correspondence therefore complied with and fulfilled Defendants' obligations under section 1692g(b). Accordingly, the claim should be dismissed.

### C. The Complaint Fails to State Claims Under 15 U.S.C. §1692e and as to all Defendants and Should be Dismissed.

The plaintiff's claims under Section 1692e of the FDCPA fail to meet the minimum pleading standards and should be dismissed, as well. Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e. To be actionable, the misrepresentations must be material. *Warren v. Sessoms & Rogers, P.A.* 676 F.3s 365, 375 (4th Cir. 2012). A false, deceptive or misleading statement is material if it would frustrate a consumer's ability to intelligently choose his or her response." *Cohen v. Rosicki, Rosicki & Assocs., P.C.,* 897 F.3d 75, 86 (2d Cir. 2018).

Here, the plaintiff has failed to allege any statements that amount to misrepresentations. Plaintiff's claim under section 1692e is comprised of a single

---

[2] It should also be noted that there are no allegations to suggest Defendants engaged in any collection efforts in the time between their receipt of the plaintiff's February 24, 2021 correspondence and Defendants' March 11, 2021 response.

7

conclusory allegation - that the Defendants misrepresented the character and amount of the debt. (Doc. No. 5, ¶¶ 35 and 40). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice to state a claim to relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678. The claim therefore should be dismissed as to the Defendants.

### D. Plaintiff's Claims under the NCCCA Likewise Fail to State a Claim as to Defendants.

The NCCAA governs the debt collection actions of <u>collection agencies</u>. Because Defendants do not function as a collection agency, but rather as a law firm collecting on behalf of the law firm's clients, all claims under the NCCAA should be dismissed. The claim also fails to meet the minimum pleading requirements and should be dismissed on that basis, as well.

The plaintiff alleges in conclusory fashion that Defendants violated the NCCAA by "falsely representing the character, extent or amount of a debt against a consumer." (Doc. No. 5, ¶ 40). The plaintiff does not allege what those specific statements were or how they were false. Further, the plaintiff has another problem: Defendants are not a collection agency and therefore not governed by the NCCAA. Section 58-70-15(c)(8) makes clear that collection agency does not mean "attorneys-at-law handling claims and collections in their own name and not operating a collection agency under the management of a layman." N.C.G.S. §58-70-15(c)(8). Because Smith Debnam is a law firm and Myers and Tulis are lawyers at that firm, none of the defendants are subject to the provisions of N.C. Gen. Stat. §58-70-115.

Additionally, absent the single conclusory allegation set forth above, the Complaint does not contain any allegations as to what false statements were allegedly made or how those statements were false. Legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to satisfy the pleading requirements of this Court. *Ashcroft,* 556 U.S. at 678. The NCCAA claim, therefore, should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their Motion for Judgment on the Pleadings.

This the 18th day of February, 2022.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
*Counsel for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, I placed a copy of the foregoing document in the United States mail, first class postage prepaid, addressed as follows:

Brian D. Green
113 Indian Trail Road N.
Suite 280
Indian Trail, NC 28079

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
cenloe@smithdebnamlaw.com
*Counsel for Defendants*