UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION: NO. 3:21-00674-MOC-DSC

BRIAN D. GREEN

    Plaintiff,

vs.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP,
JERRY T. MYERS and MELISSA A. TULIS,

    Defendants.

**TRIAL BY JURY DEMANDED**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Brian D. Green ("Green") alleges the following against Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP ("Smith Debnam"), Defendant Jerry T. Myers ("Myers"), and Defendant Melissa A. Tulis ("Tulis") (collectively "Defendants") alleges as follow:

### INTRODUCTION

Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. §1692, *et seq.* and North Carolina Debt Collection Agency Act § 75 *et seq.* ("NCDCA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. The occurrences which give rise to this action occurred in Union County, North Carolina.

3. Venue is proper in the Western District of North Carolina Division to 28 U.S.C. §1391(b).

## PARTIES

4. Mr. Green is a "consumer" and natural personal residing in Indian Trail, Union County in the State of North Carolina as that term is defined by 15 U.S.C. § 1692a(3).

5. Mr. Green allegedly owes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Defendants are "debt collectors" who uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another as the term is defined by 15 U.S.C. § 1692a(6).

7. Mr. Green is a "consumer" and natural person who has allegedly incurred a debt or alleged debt for personal, family, household or agricultural purposes as that term is defined by § 75-50(1) of the NCDCA.

8. Mr. Green allegedly owes a "debt" and any obligation or due or alleged to be owed or due from a consumer as that term is defined by § 75-50(2) of the NCDCA.

9. Defendants are "debt collectors" meaning any person engaging, directly or indirectly, in debt collection from a consumer as that term is defined by § 75-50(3) of the NCDCA.

10. Smith Debnam is a North Carolina limited liability partnership company with its headquarters located at 4601 Six Forks Road, Suite 400, in the city of Raleigh, Wake County, State of North Carolina.

11. Upon information and belief, Mr. Myers is a natural person, a licensed North Carolina attorney, and was an employee of Smith Debnam at the time of the unlawful collection.

12. Upon information and belief, Ms. Tulis is a natural person, a licensed North Carolina attorney, and was an employee of Smith Debnam at the time of the unlawful collection.

13. Defendants' business includes, but not limited to, collecting on unpaid, outstanding account balances.

14. Defendants mailed Mr. Green papers that appears to be statements with a balance of $3,378.97.

15. During the course of Defendants attempts to collect a debt allegedly owed by Mr. Green, Defendants continued collections by suing Mr. Green without validating the alleged debt owed.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. Defendants are attempting to collect a consumer debt from Mr. Green allegedly owed.

17. Mr. Green's alleged debt arises from transactions for personal, family, and household purposes.

18. The alleged debt Defendants are attempting to collect allegedly arises from a Discover Bank account (************1212) in the amount of $3,770.36.

19. On or about February 19, 2021, Defendants sent a collection letter to Mr. Green in an attempt to collect an alleged debt.

20. On or about February 24, 2021, Mr. Green mailed a debt validation letter to Defendants which was received certified mail 7019 2970 0000 9101 5205.

21. On or about March 11, 2021, Defendants sent another collection letter to Mr. Green in an attempt to collect the alleged debt.

22. On or about March 25, 2021, Mr. Green mailed a 2nd request to Defendants disputing the alleged debt and requested Account Level Documentation to validate the alleged debt which was received by Defendants certified mail 7018 1830 0001 6583 7822.

23. On or about July 2, 2021, Defendants filed a civil lawsuit against Mr. Green without validation of the alleged debt with Account Level Documentation. Defendants continued their collection action after failing to properly validate the allege debt which caused the violation.

24. Defendants acts as described above were done intentionally with the purpose of coercing Mr. Green to pay the alleged debt that has not been established to be owed by Mr. Green.

25. The natural consequences of Defendants statements and actions was to unjustly condemn and vilify Mr. Green for his non-payment of the alleged debt that has not been established to be owed by Mr. Green.

26. The natural consequences of Defendants statements and actions was to cause Mr. Green mental distress.

27. Defendants' actions as outlined above have caused Mr. Green to be injured in a personal and individual way by causing Mr. Green not limited to unnecessary stress, low self-esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish.

## COUNT I
### VIOLATION OF FDCPA 15 U.S.C. § 1692g(b)
### Validation of Debts

28. Mr. Green incorporates by reference all the above paragraphs of this First Amended Complaint as though fully stated herein.

29. As described above, the Defendants violation occurred as a result of them failing to validate the allege debt and ceasing to collect after Mr. Green communicated in writing two (2) times disputing the alleged debt. Instead, Defendants continued collecting actions by filing a civil law suit against Mr. Green.

30. Defendants' act and practices constitute violation of the FDCPA U.S.C. § 1692g(b).

## COUNT II

## VIOLATION OF FDCPA 15 U.S.C. § 1692e(2)(A)
### False or Misleading Representation

31. Mr. Green incorporates the allegations of paragraphs 1-30 as fully set forth herein.

32. Defendants' FDCPA violations, described in Count 1, constitute violations of section § 807 15 U.S.C. § 1692e(2)(A).

33. As described above, Mr. Green requested validation with Account Level Documentation of the alleged debt in the amount of three-thousand seven hundred and seventy dollars and thirty-six cents ($3,770.36). Defendants did not validate the alleged debt with the balance starting at zero dollars ($0.00). Instead, Defendants continued collections with papers that appeared to be statements with a starting balance of three-thousand three hundred and seventy-eight dollars and ninety-seven cents ($3,378.97). Defendants misrepresented the character or amount of the alleged debt that they are trying to collect, that has not been established to be owed by Mr. Green.

34. Defendants' act and practices constitute violation of the FDCPA U.S.C. § 1692e(2)(A).

## COUNT III

### Violation of North Carolina Debt Collection Agency Act "NCDCA" § 75-54(4)
### Deceptive Representation

35. Mr. Green re-alleges and incorporates paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. Defendants mailed Mr. Green papers that appears to be statements with a beginning balance of $3,378.97 and ending balance of $3,770.36. Defendants did not authenticate the value nor provide a beginning balance of zero dollars ($0) to validate the alleged debt owed.

37. Defendant falsely represented the character, extent, or amount of a debt against a consumer as defined by NCDCA § 75-54(4).

38. Defendants' actions constituted deceptive or misleading representation act or practices by engaging in the above misconduct in or affecting commerce because Defendants is collecting on a consumer debt that has not been established to be owed by Mr. Green and proximately caused Mr. Green injuries.

39. Defendants' act and practices constitute violation of the NCDCA § 75-54(4).

## PRAYER FOR RELIEF

WHEREFORE, should the Court find that the Plaintiff has failed to state a claim, that the Court grant leave for Plaintiff to file his Second Amended Complaint to correct any deficiencies identify by the Court in its Order.

Plaintiff Brian D. Green respectfully requests judgment be entered against Defendants Smith Debnam Narron Drake Saintsing & Myers LLP, Jerry T. Myers and Melissa A. Tulis for the following:

Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

a. Statutory damages for each Defendant of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

c. Statutory damages of not less than $500.00 or greater than $4,000.00 per violation, per Defendant in accordance to N.C. Gen. Stat. § 75-54;

d. Award additional relief as the Court may determine to be just and proper.

Dated: March 21, 2022.  Respectfully submitted,

*[signature]*

Brian D. Green
113 Indian Trail Road N, Suite 280
Indian Trail, NC 28079
201.873.2037
briangreen350@gmail.com
Plaintiff *pro se*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION: NO. 3:21-00674-MOC-DSC

BRIAN D. GREEN,

    Plaintiff,

vs.

SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP,
JERRY T. MYERS and MELISSA A. TULIS,

    Defendants.

## CERTIFICATE OF SERVICE

I, Brian D. Green hereby certify this Notice of Filing First Amended Complaint and Demand for Jury Trial and Plaintiff's First Amended Complaint were hand delivered on Monday, March 21, 2022, to the United States District Court, Western District Court of North Carolina, 401 West Trade Street, Room 1301, Charlotte, NC 28202. The Attorney of records is served through the Clerk of Court electronic CM/ECF system, which will send an email notification of such filing to the following attorney of record:

Caren D. Enloe, Counsel for Defendants
SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh, NC 27619-6010
email:cenloe@smithdebnamlaw.com

Executed on 21st day of March, 2022

Respectfully submitted,

/s/ Brian D. Green
Brian D. Green
113 Indian Trail Road N. Suite 280
Indian Trail, NC 28079
201.873.2037
briangreen350@gmail.com
Plaintiff *Pro Se*

Certificate of Service First Amended Complaint Green