IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:21-cv-00674-MOC-DSC

BRIAN D. GREEN,

    Plaintiff,

v.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP,
JERRY T. MYERS, and
MELISSA A. TULIS,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COME** the defendants, by and through counsel, and pursuant to LCvR 7.1 submit their Memorandum in Support of their Motion to Strike Plaintiff's "First Amended Complaint" (Doc. No. 16).

### I. MATTER BEFORE THE COURT FOR RULING

On March 21, 2022, the plaintiff filed his "First Amended Complaint." Doc. No. 16. While couched as a "first" amended complaint, the pleading at issue is the plaintiff's second attempt to amend his original complaint and was filed without leave of court and without the consent of the defendants. Because the amendment would be futile, the defendants now move to strike the pleading.

### II. PROCEDURAL HISTORY

On December 17, 2021, Plaintiff filed this action seeking damages against

1

defendants Smith Debnam Narron Drake Saintsing & Myers, a Raleigh law firm, and one of its lawyers, Jerry T, Myers, for alleged violations of the federal Fair Debt Collection Practices Act (the "FDCPA"), and the North Carolina Collection Agency Act, N.C. Gen Stat § 58-70-90 *et. seq.* (the "NCCAA"). On January 7, 2022, Plaintiff amended his complaint to add another Smith Debnam lawyer, Melissa A. Tulis as a defendant and additional allegations.[1] Doc. No. 5.

On February 18, 2022, the Smith Debnam Defendants answered the amended complaint and contemporaneously moved for judgment on the pleadings. *See* Doc. Nos. 11 and 12. The time to respond to the Smith Debnam Defendants' motion has expired and the plaintiff has not filed a response. Instead, the plaintiff has amended his complaint for a second time (Doc. No. 16), adding a claim under the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et. seq.* (the "NCDCA") and deleting his claim under the NCCAA.

## III. STATEMENT OF FACTS

The plaintiff's "First Amended" Complaint is based upon the same set of operative facts as its predecessors. On February 19, 2021, the Smith Debnam Defendants sent the plaintiff a demand letter regarding his past due account with Discover Bank. (Doc. No. 16, ¶¶ 18 - 19). The letter identified the creditor, provided the outstanding balance, and notified the plaintiff that

> Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you notify us in writing of any dispute with regard to this debt within the thirty-day period that the debt, or any portion thereof, is disputed, we will contain

---

[1] Hereinafter, the defendants are referred to collectively as the Smith Debnam Defendants.

verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Doc. No. 11, Ex. A.[2] On February 24, 2021, the plaintiff sent Smith Debnam a letter disputing the debt and requesting validation of the debt, including "all charges, payments, and credits on the account." Doc. No. 16, ¶ 20; Doc. No. 11, Ex. B. On March 11, 2021, the defendant Myers sent the plaintiff a letter which stated as follows:

> This letter acknowledges your recent request for verification of the account in the above referenced matter. This firm has been retained by Discover Bank to collect the balance due on account number ************1212. The current balance owed is $3,770.36. The name and address for the original creditor is listed below:
>
> Discover Bank
> PO Box 3025 – 6500 New Albany Road
> c/o Discover Products, Inc.
> New Albany, OH 43054

Doc. No. 16, ¶ 21; Doc. No. 11, Ex. C. On March 25, 2021, the plaintiff sent Smith Debnam a letter requesting all "Original Account Level Documentation," the "Original Account Agreements," "validation of the debt meaning the contractual obligation," a "wet ink signature of the contractual obligation," and validation of the debt, to wit, the chain of title to the debt." Doc. No. 16, ¶ 22; Doc. No. 11, Ex. D. On

---

[2] The Smith Debnam Defendants have attached to their Answer copies of the documents referenced in the Complaint as they are central to the plaintiff's claims. Documents attached to the Answer may be considered so long as the documents are central to the plaintiff's claim and undisputed. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. Ed 717, 724 (M.D.N.C. 2012).

June 7, 2021, defendants Myers and Smith Debnam filed a civil lawsuit on behalf of their client, Discover Bank, against the plaintiff seeking to recover $3,770.36. Doc. No. 11, Ex. E.[3] The plaintiff contends that these events violated the FDCPA and the NCDCA and "unjustly condemn and vilify" the plaintiff for his non-payment of the alleged debt. (Doc. No. 16, ¶ 25). The plaintiff additionally alleges that the Smith Debnam Defendants violated the FDCPA and NCDCA because they did not provide account level documentation of the alleged debt "with the balance starting at zero dollars." Doc. No. 16, ¶ 33.

## IV. ARGUMENT

### A. Legal Standard

"A court may strike 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter' from a pleading. Fed. R. Civ. P. 12(f). If a plaintiff files an amended pleading without securing leave to amend, a court can strike the amended pleading." *Massenburg v. Innovative Talent Sols., Inc.*, No. 5:16-CV-957-D, U.S. Dist. LEXIS 17298, at *27-28 (E.D.N.C. Feb. 4, 2019) (citations omitted).

Rule 15(a) provides that other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While leave to amend should be freely given, the purpose of Rule 15(a) is "to allow parties the opportunity to amend pleadings 'to assert

---

[3] While the plaintiff identifies the date of the collection lawsuit as being July 2, 2021 (Doc. No. 16, ¶ 23), the Court may take judicial notice that the Complaint attached to the defendant's prior Answer (Doc. No. 11) identifies the filing date as being June 7, 2021).

4

matters which were overlooked or were unknown at the time the party interposed the original complaint.'" *Hensley v. City of Charlotte,* No. 3:20-CV-00482-KDB-DSC, 2021 U.S. Dist. LEXIS 202756, at *13 (W.D.N.C. Oct. 21, 2021) (citation omitted).

Moreover, it is not appropriate for the court to grant leave to amend where the amendment is futile. *Bireline v. Seagondollar,* 567 F.2d 260, 262 (4th Cir. 1977). A proposed amendment is considered futile if the complaint, as amended, would not withstand a motion to dismiss under Rule 12(b)(6). *In re Triangle Capital Corp. Securities Litigation,* 988 F.3d 743, 750 (4th Cir. 2021); *see also Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir. 2011).

### B. Plaintiff's attempt to amend his complaint is futile.

Plaintiff's second attempt to amend his complaint (Doc. No. 16) was filed without leave of Court and without the consent of the Smith Debnam Defendants and therefore does not comply with Rule 15 of the Federal Rules of Civil Procedure. Moreover, because the amendment fails to correct the pleading defects of its predecessors with respect to the FDCPA claims and fails to state a claim upon which relief can be granted under the NCDCA, the procedural infirmities of the amendment cannot be overlooked and the "First Amended" Complaint should be stricken.

1. **The Plaintiff's Second Attempt to Amend the Complaint Does Not Cure the Issues Identified in Defendant's Motion for Judgment on the Pleadings with Respect to Plaintiff's FDCPA Claims.**

The factual allegations supporting the plaintiff's FDCPA claims remain largely the same: that the plaintiff disputed the claims, and that Defendant did not properly validate the debt. The plaintiff's concern, which is more fleshed out in his second

amendment, is that the Smith Debnam Defendants did not provide the plaintiff with account level documentation, starting at a -0- balance. (Doc. No. 16, ¶ 36).

Plaintiff again misconstrues what is required to validate a debt under the FDCPA. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed...." *Chaudhry v. Gallerizzo,* 174 F.3d 394 (4th Cir. 1999); *see also Garvey v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 97373 (W.D.N.C. June 23, 2017). Verification only requires a showing that the amount demanded "is what the creditor *is claiming* is owed," not conclusive proof of the debt. *Wilson v. LNV Corp.,* 2015 U.S. Dist. LEXIS 22200 (E.D.N.C. Feb. 23, 2015); *see also Roseborough v. Firstsource Advantage, LLC,* 2015 U.S. Dist. LEXIS 9617 (M.D.N.C. Jan. 28, 2015). Defendants' March 11th correspondence therefore complied with and fulfilled Defendants' obligations under 15 U.S.C. § 1692g(b).

Likewise, the plaintiff's second attempt to amend does not cure the issues with his Section 1692e claim and that amendment is likewise futile. Each iteration of the plaintiff's 1692e claim suffers the same malady – they fail to allege any statements that amount to misrepresentations. The plaintiff's new allegations as to Section 1692e– that the Smith Debnam Defendants continued to collect the debt without providing evidence of the debt back to its origin (a -0- balance) – again do not identify a misrepresentation. Therefore, the amendment as to that claim is likewise futile.

## 2. The Plaintiff's Second Attempt to Amend the Complaint is Futile with Respect to His North Carolina Claim.

In his second attempt to amend the complaint, the plaintiff seeks to replace his claim under the NCCAA with a claim under the NCDCA. However, the plaintiff's replacement of one state law claim with another is likewise futile. The plaintiff's new state law claim fails to recognize that as members of learned profession, the Smith Debnam Defendants are exempt from the provisions of the NCDCA.

Claims for unfair debt collection under N.C. Gen. Stat. § 75-50 must not only establish that an unfair debt collection practice occurred, but also establish the three generalized requirements for a claim under N.C. Gen. Stat. § 75-1.1. A plaintiff must establish: (1) an unfair act; (2) in or affecting commerce; and (3) proximately causing injury. *First Atlantic Mgmt v. Dulea Realty*, 131 N.C. App. 242, 252, 507 S.E. 2d 56, 63 (1998); N.C. Gen. Stat. § 75-1.1.

The plaintiff's claim fails because as members of a learned profession, the actions of the Smith Debnam Defendants were not "in or affecting commerce" and did not violate the NCDCA. Further, the plaintiff's claim under the NCDCA also fails because the plaintiff has failed to allege any facts to support his threadbare allegation that the Smith Debnam Defendants falsely represented the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding. *See* N.C. Gen. Stat. §75-54(4).

The definition of "in or affecting commerce" includes all business activities, however denominated, but specifically <u>exempts</u> "professional services rendered by a member of a learned profession." N.C. Gen. Stat. § 75-1.1(b). "In order for the learned

7

profession exemption to apply, a two-part test must be satisfied. First, the person or entity performing the alleged act must be a member of a learned profession... [and] [s]econd, the conduct in question must be a rendering of professional services." *Reid v. Ayers*, 138 N.C. App. 261, 266, 531 S.E.2d 231, 235 (2000).

North Carolina courts are in accord that the practice of law is a learned profession. *Sharp v. Gailor*, 132 N.C. App. 213, 216, 510 S.E.2d 702, 704 (1999); *see also Reid v. Ayers*, 138 N.C. App. 261, 531 S.E.2d 231 (2000); *Moch v. A.M. Pappas & Assocs., LLC*, 251 N.C. App. 198, 208, 794 S.E.2d 898, 903 (2016).

Moreover, North Carolina courts have repeatedly held that a law firm or attorney engaged in debt collection on behalf of its clients is rendering professional services and therefore within the learned profession exemption. *See Reid*, 138 N.C. App. 261, 531 S.E.2d 231 (2000); *Bryant v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 646 (E.D.N.C. 2012) (dismissing NCUDTPA claims brought against law firm for its actions arising from firm's debt collection on behalf of its client); *Godfredson v. JBC Legal Group*, 387 F. Supp. 2d. 543 (E.D.N.C. 2005) (dismissing plaintiff's NCDCA claim). As noted by the North Carolina Court of Appeals in *Reid*, "[d]ebt collection is a necessary part of the practice of debtor-creditor law." *Reid*, 138 N.C. App. at 267, 513 S.E.2d at 236. Further, administrative functions which are a necessary part of the professional services provided are likewise covered by the exemption. *Id.* 138 N.C. App. at 266, 513 S.E.2d at 235.

Sending collection letters is a necessary part of a debt collection practice and often, the first step in the debt collection process. The Smith Debnam Defendants are

members of a "learned profession," and because the actions of the Smith Debnam Defendants were a significant and regular part of their professional services rendered in the practice of law, their actions fall under the learned profession exemption. The plaintiff's attempt to add a claim under the NCDCA, therefore, is futile.

The plaintiff's NCDCA claim fails to state a claim for an additional reason, as well – it fails to set forth any facts to support its conclusory allegation that the Smith Debnam Defendants falsely represented "the character, extent or amount of a debt against a consumer." Doc. No. 16, ¶37. The plaintiff does not allege what those specific statements were or how they were false. The NCDCA claim therefore fails to meet the minimum pleading requirements and the plaintiff's second attempt to amend the complaint is futile and should be stricken.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court strike Plaintiff's "First Amended Complaint" (Doc. No. 16) and grant Defendants' previously filed Motion for Judgment on the Pleadings. (Doc. No. 12).

This the 25th day of April, 2022.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I placed a copy of the foregoing document in the United States mail, first class postage prepaid, addressed as follows:

Brian D. Green
113 Indian Trail Road N.
Suite 280
Indian Trail, NC 28079

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
cenloe@smithdebnamlaw.com
*Counsel for Defendants*