UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-674-MOC

| | |
|---|---|
| BRIAN D. GREEN, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SMITH, DEBNAM, NARRON, DRAKE, ) | |
| SAINTSING & MYERS, LLP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion for Judgment on the Pleadings, filed by Defendants Smith Debnam Narron Drake Saintsing & Myers, LLP ("Smith Debnam"), Jerry T. Myers, and Melissa A. Tulis. (Doc. No. 12).

## I. BACKGROUND

This matter arises from the named Defendants' attempts to collect a credit card account from Plaintiff and specifically, the correspondence between the parties before Defendants initiated suit on behalf of their client to collect the account. On February 19, 2021, Smith Debnam sent Plaintiff a demand letter regarding his past due account with Discover Bank. The letter identified the creditor, provided the outstanding balance and notified Plaintiff that

> Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof we will assume the debt to be valid. If you notify us in writing of any dispute with regard to this debt within the thirty-day period that the debt, or any portion thereof is disputed, we will contain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

1

(Doc. No. 5, ¶ 22; Doc. No. 11, Ex. A).[1] On February 24, 2021, Plaintiff sent Smith Debnam a letter disputing the debt and requesting validation of the debt, including "all charges, payments, and credits on the account." (Doc. No. 5, ¶ 23; Doc. No. 11, Ex B). On March 11, 2021, Myers sent Plaintiff a letter, stating:

> This letter acknowledges your recent request for verification of the account in the above referenced matter. This firm has been retained by Discover Bank to collect the balance due on account number []. The current balance owed is $3,770.36. The name and address for the original creditor is listed below:
>
> Discover Bank
> PO Box 3025 - 6500 New Albany Road
> c/o Discover Products, Inc.
> New Albany, OH 43054

(Doc. No. 5, ¶ 24; Doc. No. 11, Ex. C).

On March 25, 2021, Plaintiff sent Smith Debnam a letter requesting all "Original Account Level Documentation," the "Original Account Agreements," "validation of the debt meaning the contractual obligation," a "wet ink signature of the contractual obligation," and validation of the debt, to wit, the chain of title to the debt." (Doc. No. 5 ¶ 25; Doc. No. 11, Ex. D). On June 7, 2021, Myers and Smith Debnam filed a civil lawsuit on behalf of Discover Bank against Plaintiff seeking to recover $3,770.36. (Doc. No. 11, Ex. E). Plaintiff contends that these events violated the Fair Debt Collections Practices Act and the North Carolina Collection Agency Act and "unjustly condemn and vilify" Plaintiff for his non-payment of the alleged debt.

Based on the above allegations, Plaintiff purports to bring claims against Defendants: (1) a violation of Sections 1692g(b) and 1692e of the Fair Debt Collections Practices Act

---

[1] Because these documents are central to Plaintiff's claims and undisputed, the Court may consider them in ruling on the pending motion for judgment on the pleadings. Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012).

("FDCPA"), 15 U.S.C. § 1692 et seq.; and (2) a violation of the North Carolina Collection Agency Act ("NCCAA"), N.C. GEN. STAT. § 58-70-90 et seq.

On February 18, 2022, Defendants filed the pending motion for judgment on the pleadings. (Doc. No. 12). On February 22, 2022, the Court issued a notice to Plaintiff of his right to respond. (Doc. No. 14). Plaintiff did not respond to the motion for judgment on the pleadings, and the time to do so has passed.[2] Thus, the motion is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. Fed. R. Civ. Pro. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018).

---

[2] Rather than responding to the motion for judgment on the pleadings, Plaintiff filed another Amended Complaint without first seeking leave from the Court to do so on March 21, 2022. On April 25, 2022, Defendants filed a motion to strike the Amended Complaint. (Doc. No. 18). After the motion to strike was filed, Plaintiff filed a motion to amend his Complaint. (Doc. No. 21). The motion was referred to the U.S. magistrate judge, who denied the motion to amend as futile. See (Text Order dated April 23, 2022).

3

"However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

Additionally, "[f]ederal courts are obliged to liberally construe filings by pro se litigants." U.S. v. Brown, 797 Fed. Appx. 85, 89 (4th Cir. 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, even a pro se litigant's complaint should be dismissed when "it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief." Barefoot v. Polk, 242 Fed. Appx. 82, 83 (4th Cir. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).

### III. DISCUSSION

**A. Plaintiff's Claims under the FDCPA**

Plaintiff first alleges that Defendants violated Section 1692g(b) of the FDCPA by not validating the alleged debt "with account level documentation." "The purpose of the FDCPA is to protect consumers from unfair debt collection practices." Smith v. EVB, 438 Fed. Appx. 176, 178 (4th Cir. 2011) (citation omitted). One of the protections afforded to consumers by the FDCPA is the ability to dispute debts. As relevant here, and pursuant to 15 U.S.C. § 1692g(b),

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

4

Case 3:21-cv-00674-MOC-DSC   Document 27   Filed 06/22/22   Page 4 of 7

Plaintiff's allegations misconstrue the obligations of the debt collector in verifying the debt. Despite Plaintiff's protestations to the contrary, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . ." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). As noted by the Court in Chaudhry,

> "verification is only intended to 'eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."

Id. Here, Plaintiff disputed the debt and requested validation shortly after receiving Smith Debnam's initial correspondence. (Doc. No. 5 ¶ 23; Doc. No. 11, Ex. B). Defendants then provided not only the information required by 15 U.S.C. § 1692g(b), but also twelve months of periodic statements and. the cardmember agreement. (Doc. No. 11, Ex. C).[3] Verification only requires a showing that the amount demanded "is what the creditor is claiming is owed," not conclusive proof of the debt. Wilson v. LNV Corp., No. 7:14cv145, 2015 WL 751606, at *7 (E.D.N.C. Feb. 23, 2015). Defendants' correspondence dated March 11, 2021, therefore complied with and fulfilled Defendants' obligations under Section 1692g(b). Accordingly, the Court will dismiss Plaintiff's claim alleging a violation of Section 1692g(b).

Plaintiff's claims under Section 1692e also fail to meet the minimum pleading standards and must be dismissed as well. Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e. To be actionable, the misrepresentations must be material. Warren v.

---

[3] Plaintiff does not allege that Defendants engaged in any collection efforts between their receipt of Plaintiff's February 24, 2021, correspondence and Defendants' March 11, 2021, response.

Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012). "A false, deceptive, or misleading statement is material if it would frustrate a consumer's ability to intelligently choose his or her response." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 86 (2d Cir. 2018).

Here, Plaintiff has failed to allege any statements that amount to misrepresentations. Plaintiffs claim under Section 1692e is comprised of a single conclusory allegation—that Defendants misrepresented the character and amount of the debt. (Doc. No. 5, ¶¶ 35 and 40). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice to state a claim to relief that is plausible on its face. Ashcroft, 556 U.S. at 678. This claim is dismissed.

**B. Plaintiff's Claims under the NCCAA**

The NCCAA governs the debt collection actions of collection agencies. Plaintiff alleges in conclusory fashion that Defendants violated the NCCAA by "falsely representing the character, extent or amount of a debt against a consumer." (Doc. No. 5, ¶ 40). Plaintiff does not allege what those specific statements were or how they were false. Moreover, Defendants are not a collection agency within the meaning of the NCCAA. Section 58-70-15(c)(8) of the NCCAA makes clear that collection agency does not include "attorneys at-law handling claims and collections in their own name and not operating a collection agency under the management of a layman." N.C. GEN. STAT. § 58-70-15(c)(8). Because Smith Debnam is a law firm and Defendants Myers and Tulis are lawyers at that firm, none of the Defendants are subject to the provisions of N.C. GEN. STAT. § 58-70-15.

Additionally, absent the single conclusory allegation set forth above, the Complaint does not contain any allegations as to what false statements were allegedly made or how those statements were false. "Legal conclusions" or "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements" are not enough to satisfy the pleading requirements of this Court. <u>Ashcroft</u>, 556 U.S. at 678. The NCCAA claim, therefore, must be dismissed.

## IV.  CONCLUSION

For the reasons stated herein, the Court finds that Defendants are entitled to judgment on the pleadings as to all of Plaintiff's claims against them.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion for Judgment on the Pleadings, (Doc. No. 12), is **GRANTED**, and this action is **DISMISSED** with prejudice.

(2) The Clerk shall terminate this action.

Signed: June 21, 2022

Max O. Cogburn Jr
United States District Judge